UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDRA FAYE WILSON,

       Plaintiff,

v.                                                  CASE NO. 3:14-cv-163-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

       Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED**.

**I.     Procedural History**

Plaintiff filed her application for Disability Insurance Benefits on June 15, 2010, alleging disability beginning on December 26, 2009. (Tr. 142-43.) The Social Security Administration denied Plaintiff's application initially on September 14, 2010 (Tr. 71-73), and again upon review on December 20, 2010 (Tr. 78-79). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and her case was heard on December 27, 2011. (Tr. 37-59.) On February 22, 2012, the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 11.)

ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 22-36.) Plaintiff submitted a Request for Review by the Appeals Council, which was denied on May 17, 2013. (Tr. 6-11.) Accordingly, the ALJ's decision is the final decision of the Commissioner.

## II.     Summary of the ALJ's Decision

In reaching his decision, the ALJ applied the five step sequential evaluation process provided by 20 C.F.R. § 404.1520(a)(4). (Tr. 25-36.) At the first step, the ALJ found Plaintiff satisfied the insured status requirements of the Social Security Act through December 31, 2011, and had not engaged in substantial gainful activity since December 26, 2009, her alleged onset date. (Tr. 27.) At the second step, the ALJ found Plaintiff suffered from two severe impairments: a herniated disc and lumbar spine degenerative disc disease. (Tr. 27-29.) However, at the third step, the ALJ determined Plaintiff's impairments did not meet or medically equal the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29.) Accordingly, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found Plaintiff was able to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). (Tr. 29-31.) At the fourth step, the ALJ relied on the testimony of a vocational expert, and found Plaintiff was able to perform the duties of her past relevant work as an accountant. (Tr. 31.) Therefore, the ALJ did not proceed to the fifth step of the sequential evaluation process, and found Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 31-32.)

## II.     Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## III.    Discussion

Plaintiff appeals the ALJ's decision finding she was not disabled as of December 26, 2009.  Plaintiff raises two issues on appeal.  First, Plaintiff argues the ALJ erred in failing to give appropriate weight to the opinion of her treating

3

physician, Dr. Alan Miller. (Doc. 14 at 7-12.) Second, Plaintiff argues the ALJ erred by improperly discounting the credibility of her subjective complaints of pain. (Doc. 14 at 12-14.) Upon review, the Court finds merit in Plaintiff's first claim.

### A. Whether the ALJ failed to give appropriate weight to the opinion of Plaintiff's treating physician

Plaintiff first argues the ALJ failed to give appropriate weight to the opinion of her treating physician, Dr. Alan Miller. (Doc. 14 at 7-12.) The basis of Plaintiff's objection appears to be two documents prepared by Dr. Miller in May and August of 2011. (Tr. 458, 485-91.) Plaintiff contends the ALJ improperly discounted Dr. Miller's opinion as being inconsistent with his own treatment records, the conservative nature of Plaintiff's medical treatment, and her activities of daily living. (*Id.* at 9-10.) The Commissioner responds by arguing the ALJ properly discounted Dr. Miller's opinion because it was inconsistent with the other evidence of record, unsupported by objective clinical findings, and intruded into issues reserved to the Commissioner. (Doc. 17 at 7-10.)

On May 2, 2011, Dr. Miller completed a form entitled "Lumbar Spine Impairment Questionnaire." (Tr. 485-91.) The form indicated Plaintiff had received treatment from Dr. Miller on a monthly basis between March 29, 2010 and April 25, 2011. (Tr. 485.) Dr. Miller reported Plaintiff suffered from lumbar facet disease, muscle spasms, and lumbar degeneration. (*Id.*) Plaintiff's symptoms included a constant, dull aching in her lower back and thighs. (Tr.

487.) Dr. Miller opined Plaintiff's pain prevented her from sitting, standing, or walking for more than one hour at a time. (*Id.*) Instead, Dr. Miller indicated that Plaintiff needed to be able to alternate between seated and standing positions every thirty minutes. (Tr. 490.) Dr. Miller further indicated Plaintiff could frequently lift or carry up to five pounds, occasionally lift or carry up to ten pounds, but could never lift or carry more than those amounts. (Tr. 488.) Dr. Miller opined Plaintiff was unable to perform the duties of a full-time competitive job on a sustained basis. (Tr. 490.)

On August 4, 2011, Dr. Miller prepared a letter to Plaintiff's counsel in response to inquiries regarding her disability claim. (Tr. 458.) The letter advised that MRI tests of Plaintiff's back revealed degenerative changes in her lumbar spine, EMG and nerve conduction studies showed acute radiculopathy of her sacral spine, and clinical findings showed pain and tenderness in her lower back. (*Id.*) Dr. Miller noted Plaintiff received treatments including physical therapy, epidural steroid injections, lumbar medial branch block therapy, and radiofrequency rhizotomy of her lumbar facet and medial branch nerves. (*Id.*) However, it was indicated these treatments offered only limited relief. (*Id.*) Dr. Miller repeated his findings that Plaintiff was unable to sit, walk, or stand continuously for long periods of time. (*Id.*) He further stated Plaintiff was unable to push, bend, stoop, hold her neck in a static position, or lift anything weighing more than ten pounds. (*Id.*) Dr. Miller opined Plaintiff was not able to perform full-time competitive work. (*Id.*)

5

In this circuit, an ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam)). Generally, an ALJ should give more weight to the opinion of a treating source than the opinion of a non-treating source. 20 C.F.R. § 404.1527(c)(2). Indeed, a treating source's opinion merits controlling weight when it is supported by medically acceptable clinical or laboratory diagnostic techniques and it is not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(c)(2). When a treating source's medical opinion is not granted controlling or substantial weight, the ALJ must clearly articulate good cause for discounting it. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003). Good cause exists when (1) the opinion is not bolstered by the evidence, (2) the evidence supports a contrary finding, or (3) the treating source's opinion is conclusory or inconsistent with the source's own medical records. *Id.* When a treating source's opinion is discounted, the ALJ must give it appropriate weight considering the length and frequency of treatment, the nature and extent of treatment, the medical evidence supporting the opinion, consistency with the record as a whole, the source's specialization in relevant medical issues, and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2-6).

In his decision, the ALJ acknowledged Dr. Miller's opinion and noted his findings indicated Plaintiff would be severely limited in her ability to sit, stand,

6

walk, and lift or carry objects. (Tr. 31.) However, the ALJ provided only limited discussion of the weight afforded to Dr. Miller's opinion, and his reasons for the weight afforded. (Tr. 31.) Specifically, the ALJ stated, "[t]he undersigned gave [Dr. Miller's] opinion negligible weight in his determination because [his] opinion is not consistent with his own treatment notes, the claimant's conservative level of treatment, or her ability to perform her activities of daily living." (*Id.*) Upon review, this limited discussion did not provide good cause sufficient to discount Dr. Miller's treating source opinion.

While the ALJ found Dr. Miller's opinion was inconsistent with his own treatment records, the ALJ failed to offer an explanation for this finding or identify the inconsistencies to which he referred. "Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion." *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012). Therefore, in the absence of any explanation as to how Dr. Miller's opinion conflicted with his treatment records, the ALJ failed to provide an adequate good cause justification to discount this evidence. *See Anderson v. Astrue,* No. 3:12–cv–308–J–JRK, 2013 WL 593754 at *5 (M.D. Fla. Feb.15, 2013) (explaining an ALJ cannot merely recite a good cause justification for rejecting a treating source opinion without articulating how specific evidence supports that justification); *O'sNeal v. Astrue,* No. 3:08-cv-63-J-MCR, 2009 WL 702865, at *7 (M.D. Fla.

7

Mar. 17, 2009) ("The ALJ has failed to explain how Dr. Nabizadeh's opinion was unsupported by the objective medical evidence, was inconsistent with the doctor's own medical records, or in any way conclusory.  As such, the ALJ has not established good cause to discredit Dr. Nabizadeh's opinion.").  In short, while the ALJ was permitted to discount the treating source opinion of Dr. Miller upon a finding that it was inconsistent with his treatment records, the ALJ failed to support this finding with substantial evidence.

The Court notes that the ALJ also relied on testimony regarding Plaintiff's activities of daily living in discounting Dr. Miller's opinion.  However, the activities noted in the ALJ's decision included such minimal tasks as the preparation of simple meals, light housekeeping duties, and shopping for groceries once or twice a month.  It is not clear that these activities were inconsistent with Dr. Miller's findings.  *See Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (finding plaintiff's participation in activities of short duration, such as housework and fishing, were not inconsistent with limitations assessed by the plaintiff's treating physicians); *Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998) ("Housework, light cooking, and light grocery shopping are minimal daily activities.  As such, they are not dispositive evidence of one's ability to perform sedentary work in a Social Security case.").  While Plaintiff also testified that she cared for her elderly mother, Plaintiff indicated that her mother was largely self-sufficient.  Without further elaboration regarding the conflict between Plaintiff's

8

testimony and Dr. Miller's findings, the Court cannot discern an inconsistency between Dr. Miller's findings and Plaintiff's activities of daily living.

Finally, the ALJ's characterization of Plaintiff's past medical treatment as being conservative in nature did not, standing alone, provide good cause to discount Dr. Miller's opinion. Plaintiff objects to the ALJ's characterization and asserts her past treatment, which included repeated administrations of epidural steroid injections, was more than conservative. (Doc. 14 at 9.) The Court notes there is some degree of conflict in the case law regarding whether such treatment falls within the category of conservative treatment. *Compare Doig v. Colvin,* No. 8:13-CV-1209-T-17AEP, 2014 WL 4463244, at *4 (M.D. Fla. Sept. 10, 2014) ("Treatment with medication, whether prescribed or over-the-counter, and steroid injections is still conservative treatment, i.e. not surgery.") *with Samuels v. Astrue*, No. 3:08-CV-900-J-HTS, 2009 WL 1659620, at *4 (M.D. Fla. June 15, 2009) ("[I]n light of the rendering of treatment including epidural steroid injections, the judge may wish to reassess his characterization of Claimant's 'treatment [as] essentially routine and/or conservative in nature.'"). However, regardless of whether Plaintiff's treatment history may be fairly deemed conservative, the characterization by itself does not provide an adequate basis for discounting Dr. Miller's opinion. *See Gober v. Astrue,* No. 109-CV-00123-MP-WCS, 2010 WL 750288, at *7 n.3 (N.D. Fla. Feb. 26, 2010) ("The ALJ may not impose his own medical judgment as to the 'conservative' nature of treatments as a reason, standing alone, to disregard an opinion of a treating physician.");

9

*Viverette v. Astrue*, No. 5:07-CV-395-FL, 2008 WL 5087419, at *2 (E.D. N.C. Nov. 24, 2008) ("This characterization alone does not provide any insight into the severity of a given condition and may even belie the condition's seriousness.").

Based on the foregoing, the Court finds the ALJ did not establish good cause for declining to give the opinion of Plaintiff's treating physician controlling weight. While the ALJ provided reasons for discounting the opinion, the justifications provided were not supported by substantial evidence. Accordingly, this matter is remanded for further consideration of the Dr. Miller's medical opinion. If the ALJ determines Dr. Miller's opinion is not entitled to controlling weight on remand, the ALJ should articulate good cause supporting such a determination and afford the opinion appropriate weight as provided by 20 C.F.R. § 404.1527.

> **B. Whether the ALJ erred in discounting Plaintiff's subjective complaints of pain**

The Eleventh Circuit has held that an ALJ must consider a three part pain standard when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote,* 67 F.3d at 1560. An ALJ may

decide not to credit a claimant's subjective complaints of pain but must articulate specific and adequate reasons for doing so. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The reasons provided must be supported by substantial evidence and "take into account and evaluate the record as a whole." *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 834 (11th Cir. 2011) (quoting *McCruter v. Bowen,* 791 F.2d 1544, 1548 (11th Cir.1986)). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1561–62; *Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir. 1988).

Because the Court is remanding this case for further consideration of the treating source opinion of Dr. Miller, extensive discussion of whether the ALJ appropriately considered Plaintiff's subjective testimony is of little benefit. *See Kinnaird v. Barnhart*, 138 F. App'x 224, 228-29 (11th Cir. 2005) (finding the ALJ's decision to discount a treating source opinion was not supported by substantial evidence, and declining to consider the ALJ's evaluation of the plaintiff's subjective complaints of pain). The Court notes that the ALJ discussed portions of Plaintiff's medical record in discrediting her subjective testimony. (Tr. 30.) However, depending on the weight ultimately afforded to the opinion of Dr. Miller on remand, this discussion may be subject to change. *See Sutherland v. Barnhart,* 322 F. Supp. 2d 282, 291 (E.D. N.Y. 2004) (because the ALJ's failure to properly apply the treating physician rule "affect[ed] consideration of the ALJ's treatment of the plaintiff's subjective complaints," the court would "not now

11

consider" plaintiff's argument that the ALJ did not properly consider her complaints).  On remand, the Court will request the ALJ consider Plaintiff's subjective complaints regarding the severity of her alleged symptoms.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the ALJ to reconsider the treating source opinion of Dr. Miller, consider Plaintiff's subjective complaints regarding the severity of her symptoms, and conduct any further proceedings deemed appropriate.

2. The Clerk of Court is further directed to close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within thirty (30) days from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

13

**DONE AND ORDERED** in Jacksonville, Florida on February  13th , 2015.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record